## 10568

### LEFKOWITZ & BRO. v. WHARTON.

#### (105 S. E. 704.)

SALES—WHETHER CANCELLATION OF ORDER WAS BEFORE ACCEPTANCE QUESTION FOR JURY.—Whether letter of cancellation of an order for goods was received before the order was accepted *held,* under the evidence, a question for the jury.

Before PEURIFOY, J., Greenville, —— term, 1919. Appeal dismissed.

Action by Louis Lefkowitz & Bro. against E. M. Wharton. From order refusing to direct a verdict, plaintiff appeals.

*Messrs. Joseph Kahn* and *Wilton H. Earle,* for appellant.

*Mr. C. G. Wyche,* for respondent.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order refusing to direct a verdict in favor of the plaintiff.

The following statement appears in the record:

"This action was commenced July 2, 1918, by appellant filing a summons and complaint in the Court of Common Pleas for Greenville county, the complaint alleging that plaintiff sold and delivered to defendant two dozen Sam Brown army belts at a price set forth in the itemized account attached to the complaint, by which plaintiff lost on same the sum of $72, on an order which was mailed by defendant at Greenville, S. C., on October 18, 1917; and, in addition, the sum of $2.72 express charges, the defendant having refused to accept the goods when delivered at Greenville. The complaint further alleges that plaintiff shippped to defendant chin straps of the value of $18, on an order mailed by defendant December 5, 1917. The complaint alleged other items, which are not involved in this appeal.

"The defense was a general denial; that the order for the belts had been countermanded by defendant; that the chin straps had never been received by defendant.

"At the conclusion of the testimony plaintiff moved for a directed verdict of $92.72, for items made up of $74.72 and $18, respectively, which motion was refused. The jury brought in a verdict for $18.

"Plaintiff appeals from the order refusing the motion for a directed verdict."

His Honor, the presiding Judge, assigned the following reasons for refusing the motion:

"My conclusion is, gentlemen, that the case ought to go to the jury, under all the facts and circumstances in the case, to determine whether or not the letter of cancellation had been received before the order was accepted.

"The testimony with reference to the telegram that was received by the defendant is shown to have been out of the ordinary in dealings had with the parties before; that and the fact that the bill is dated one day and the postmark on the envelope shows that it was not mailed until the next night at 10 p. m. might be a circumstance from which the jury could reach a conclusion that the telegram was sent after the order of cancellation was received, and that the goods were shipped after that date. · While it is true that the testimony here shows that the goods were shipped before the order of cancellation, but, as I stated, it seems to me that those circumstances raise an issue for the jury, that would not warrant me in saying a a matter of fact that the letter of cancellation was not received until after the order was accepted by plaintff, so I will submit that to the jury under proper instructions, or at least under instructions—I don't know whether they will be proper or not.'"

These reasons are satisfactory to this Court.

Appeal dismissed.

MR. JUSTICE GAGE did not participate.